Nash, J.
 

 The- construction of this will presents n©>
 
 *261
 
 legal difficulty; it is one purely of intention. What did the testator intend
 
 1
 
 This is to be gathered from the paper itself. The plaintiffs claim the legacy of #3,000 as a gift
 
 in solido,
 
 and that they are entitled to its prompt payment by the defendant. In this we think they err. The testator had three individuals in view, as objects of his bounty — his wife, his 'mother, and such child as might be born to him thereafter. At the making of the will, he had no issue. His leading purpose seems to have been, to provide for the education of such child or children as he might have, and their maintenance, and that of his wife and mother, until his eldest child should arrive to the age of twenty-one years. With this view, he directs that the property he had previously, in the will,
 
 given
 
 and
 
 loaned
 
 to his wife, together with all the rest of his property, shall remain on his plantation under the care of his trustees and executors,
 
 “
 
 and the profits arising therefrom to go to the benefit of my wife Martha, my mother, Mary Brinkly, and the education of my children, should I have any, until my oldest child, should I have any, arrives at the age of twenty-one years.” This is the general intention of the testator in the will, and is fo govern in its construction ; and other particular dispositions are to be construed in subordination to it, notwithstanding any ap. parent inconsistency with it. In the previous part of the will, the testator has given to his wife several tracts of land and certain negroes, and then says, “I also loan her
 
 $3,000.”
 
 This loan is however accompanied by a proviso, by which it may be conevrted into an absolute gift. If she has by the testator no child or children, the loan becomes an absolute gift. But in the event of the testator’s having children, the gift continues a loan, until the other contingency occurs — their death under age without issue. One of the contingencies pointed out by the testator has occurred, to-wit, the birth of a child, and that child is still alive, under the age of twenty-one years. The pecuniary legacy is still a loan, and will so continue
 
 *262
 
 until determined by the death of Mary Brinkly under age and without leaving lawful issue. What is to become of this legacy in the intermediate time
 
 1
 
 Is it to be taken into possession by the plaintiffs, and, if so, do they hold it as a loan to their separate use, or do they hold it burthened with a proportionate contribution, out of the interest, towards the education and maintenance of Mary Brinkley. The language of the will, in creating the fund for the joint interest of the legatees, is obscure, so far, as the pecuniary legacy is concerned. All the property is to be
 
 kept together on the plantations:
 
 is the money to be kept there ? No. In seeking into the intention of a testator, we are often compelled to transpose words and sentences, and always look to the whole of the clause and sometimes to the whole will. In this case, applying the rule
 
 reddendo singula singulis,
 
 rendering each according to the subject matter of each, there is no incongruity or obscurity in the clause. The propert}", which is to be kept together, is that which is given as well as loaned to the widow, and the money is the only loan. How remain together ? as the testator had kept them. The negroes, and the horses and cattle in the cultivation of the soil, the household and kitchen furniture in the places appropriated to them, and the money in such place and used in such way as the executors or trustees might deem most advantageous to those interested in the fund. We are of opinion, then, that the plaintiffs are not entitled to have the pecuniary legacy raised at this time — that sum forms part of the joint fund of which the profits belong to the widow and child equally, until the period of division shall arrive, as provided for in the will. Should Mary Brinkly die under age and without leaving issue, the money becomes an absolute gift to the plaintiffs; or should she arrive at age or die leaving issue, and her mother surviving, the mother will then be entitled to the loan for life. The testator lends to his wife, all of his household and kitchen furniture,
 
 *263
 
 during her life or widowhood, and the defendant, the executor, asks the direction of the Court as to its fur. ther disposition. Mrs. Brinkly having married, her life estate in severalty in the furniture, in any event, can never arise. The furniture is however to be kept with the rest of the property, as a joint fund. The testator no doubt expected, that the mother and the child would live together and intended the furniture should continue in the house for their joint use. As to the third enquiry, we have in substance replied to it already, and cannot better express our opinion than in the language of the answer. So far as we are able to discover the general intention of the testator, it appears to be that all his pro. perty is to be held for the common use of his widow and his child, Mary Brinkly, until the latter shall arrive at age or die under age without leaving issue. And the testator directs that it shall be kept by the executor. The maintenance and education of Mary Brinkly is not a charge upon the property in the hands of the widow — but the latter is only entitled to receive from the executor her portion of the profits of it annually — it remains in the hands of the executor.
 

 As to the negroes obtained by the testator from John Ivnight’s estate, we are of opinion, that none of them, under the devise, pass to the plaintiff, Martha, but such as are of the original stock, and that the devise to her does not embrace any of those who were born before the date of the will, but that the plaintiffs are entitled to such as have been born of the original stock since, and such as may be born before the period of division may arrive. Our opinion upon the proper construction of this will may be summed up in a few words. The testator has thrown his whole property, real and personal, into a joint fund to be held by his executor, in the manner specified in the will, the profits to be divided equally between the plaintiff Martha and the defendant Mary. The division of this joint fund is contingent upon the happening of one or
 
 *264
 
 two events, either the arrival at age of Mary or her death before that period. Should the defendant Mary die under age and without leaving issue, the loan of the $3,QQ0 becomes an absolute gift to the plaintiff Martha. But if Mary arrives at twenty-one years of age, or dies before that period and leaves issue, the legacy still continues a loan and the plaintiff will be entitled only to the interest on the whole sum.
 

 The costs must b.e paid out of the fund, as the proceedings are pianifestly instituted to procure directions to the executor as to the performance of his trust.
 

 Per Curiam.
 

 Decree accordingly.